**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 4, 2013**

# In the Court of Appeals of Georgia

A13A1192. MOSELEY v. THE STATE.

PHIPPS, Chief Judge.

Following a jury trial, Willie Moseley appeals his conviction for aggravated assault. His sole enumerated error is that the trial court erred in allowing the state, pursuant to former OCGA § 24-9-84.1,[1] to introduce his more than ten-year-old prior

---

[1] Former OCGA § 24-9-84.1, in effect at the time of the 2011 trial, provided in relevant part:

(a) General rule. For the purpose of attacking the credibility . . . of the defendant, if the defendant testifies: . . . (2) Evidence that the defendant has been convicted of a crime shall be admitted if the crime was punishable by death or imprisonment of one year or more under the law under which the defendant was convicted if the court determines that the probative value of admitting the evidence substantially outweighs its prejudicial effect to the defendant; . . . . (b) Time limit. Evidence of a conviction under subsection (a) of this Code section is not admissible if

conviction for aggravated assault to impeach him in the event that he testified at trial. Specifically, he asserts that the court erred in the manner in which it analyzed the probative value and prejudicial effect component of OCGA § 24-9-84.1 (b). Because Moseley waived any objection to the admission of the evidence when he preemptively introduced evidence of the prior conviction on direct examination, we affirm.

This court will not disturb a trial court's determination regarding impeachment of a criminal defendant pursuant to OCGA § 24-9-84.1 unless the trial court has abused its discretion.[2]

On June 7, 2010, Moseley approached an acquaintance in his (Moseley's) home and demanded money the acquaintance owed him. When the acquaintance did

a period of more than ten years has elapsed since the date of the conviction or of the release of the witness or the defendant from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old, as calculated in this subsection, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

[2] See *Quiroz v. State*, 291 Ga. App. 423, 429 (4) (662 SE2d 235) (2008).

not give Moseley any money, Moseley stabbed him in the neck. The acquaintance was then transported to a trauma center for medical treatment.

Moseley was indicted for aggravated assault. Prior to trial, over defense counsel's objection, the court ruled that in the event Moseley testified, the state would be permitted to introduce, pursuant to former OCGA § 24-9-84.1, the fact that he had prior convictions for the following offenses: violation of the Georgia Controlled Substances Act in 2004; violation of the Georgia Controlled Substances Act in 2008; and aggravated assault in 1995. On appeal, Moseley challenges the court's ruling on the admission of the 1995 aggravated assault conviction.

Moseley testified at trial, claiming self-defense. Moseley's lawyer asked him on direct examination about his prior convictions for the aggravated assault and two drug charges, and Moseley acknowledged that he had pled guilty to those charges.

Q: Mr. Moseley, . . . [i]n 1995, did you plead guilty to an aggravated assault?
A: Yes, sir, I did. . . .
Q: And in the year 2004, did you plead guilty to a drug charge. . . ?
A: Yes, sir.
Q: Okay. And in 2008, did you plead guilty to another drug charge. . . ?
A: Yes, sir, I did.
Q: Were you guilty of those offenses?
A: Yes, sir.

3

Q: Is that why you pled guilty?

A: Yes, sir.

Later, on cross-examination the state elicited from Moseley testimony about the same prior convictions, and defense counsel objected when the state moved to introduce in evidence certified copies of the prior convictions. Over defense counsel's objections, the trial court admitted in evidence the certified copies of the prior convictions. Because Moseley had testified on direct examination about his prior convictions, and particularly the aggravated assault conviction, he may not on appeal challenge the trial court's ruling and claim that the admission of such evidence was error.[3]

*Judgment affirmed. Ellington, P. J., and Branch, J., concur.*

---

[3] See *Ohler v. United States*, 529 U. S. 753, 760 (120 SCt 1851, 146 LE2d 826) (2000) ("[A] defendant who preemptively introduces evidence of a prior conviction on direct examination may not on appeal claim that the admission of such evidence was error.") ; *Contreras v. State*, 314 Ga. App. 825, 828 (3), n. 4 (726 SE2d 107) (2012) (defendant who testified on direct examination about his prior convictions, waived any objection to the admission of those convictions).