**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 13, 2014**

# In the Court of Appeals of Georgia

A13A1777. WAYE v. THE STATE.

BARNES, Presiding Judge.

Alfonsa Waye appeals his conviction for aggravated assault, contending that the trial court erred in admitting for impeachment purposes evidence of Waye's 1987 aggravated assault conviction and his 1991 cocaine possession conviction. He also contends the evidence was insufficient to authorize the jury to find him guilty beyond a reasonable doubt. While we find the evidence sufficient, we must "remand this case to the trial court to enter express findings on the record as to whether, in the interest of justice, the probative value" of Waye's 1987 conviction substantially outweighs its prejudicial effect. *Clay v. State*, 290 Ga. 822, 838 (3) (725 SE2d 260) (2012).

1. We note first that shortly after Waye was convicted of this offense in August 2008, his trial counsel filed a notice of appeal in the Superior Court of Glynn County, rather than a motion for new trial. In January 2009, Waye filed the first of many requests to the superior court clerk seeking a copy of his trial transcript, asserting that

his trial counsel would not contact him about his appeal. In February 2009, the trial court issued the first of four identical form orders stating that Waye was not entitled to a trial transcript at public expense for post-conviction relief without a showing of necessity. The orders did not indicate that Waye's counsel had filed a notice of appeal.

From March 2009 to May 2011, the record shows that Waye made eight more attempts to obtain assistance in prosecuting his appeal, through various motions and letters to the clerk. He apparently even filed a petition for habeas corpus, which is not included in the record, but which is referred to in Waye's December 2009 motion to dismiss his trial counsel and appoint appellate counsel, in which he noted that the first time he knew he had an appeal pending was when the habeas judge told him. The final order issued by the trial court, which was another form order denying Waye's request for a copy of his trial transcript, was entered on July 1, 2011. In May 2013, twenty-one months after entry of the final order on his motion for a new trial and 57 months after his sentencing, Waye's appeal was docketed in this court.

> This sort of extraordinary post-conviction, pre-appeal delay puts at risk the rights of defendants and crime victims and the validity of convictions obtained after a full trial. It is the duty of all those involved in the criminal justice system, including trial courts and prosecutors as

well as defense counsel and defendants, to ensure that the appropriate post-conviction motions are filed, litigated, and decided without unnecessary delay. That duty unfortunately was not fulfilled in this case. That does not affect the outcome of this appeal, however, because Appellant has enumerated no error associated with the delay.

(Citation and punctuation omitted.) *Morgan v. State*, 290 Ga. 788, 789, n. 2 (725 SE2d 255) (2012).

2. Waye argued that the evidence was insufficient to overcome his affirmative defense of justification and authorize the jury to find him guilty beyond a reasonable doubt of aggravated assault. We disagree.

Construed most strongly in support of the verdict, the evidence at trial showed that Waye approached the victim as he was walking home and asked him if he wanted "to get anything," meaning crack cocaine. The victim said yes but he only had a dollar. Waye replied, "Give me your dollar and wait right here." Waye went to a nearby house and he gave the residents the victim's dollar and another dollar of his own and was given some gin and beer to drink. He left the house to apprise the victim that, while there was no crack available at that moment, someone was bringing drugs to the house and he anticipated that he would be given some crack because he had already given the residents the money. The victim was irate and wanted his dollar

3

back, but Waye had spent it and offered the victim a bag of socks instead, but the victim insisted that he wanted his dollar back.

Waye stood for a time with his hands in his pockets as the victim was "right here in [his] face, " then suddenly grabbed one side of the victim's neck and swiped a knife across the other side, creating a deep, wide gash. The victim looked up to see Waye coming at him again and ran away, bleeding profusely. Someone in the neighborhood heard the victim screaming and assisted him until emergency medical assistance arrived and took the victim to the hospital. The record includes a color photo of the long, gaping wound on the victim's neck.

Waye took the stand and testified that he knocked a knife from the victim's hand while the victim was coming at him, but the victim kept coming back. Waye picked up the victim's knife from the ground and swung it at the victim, thinking he had just bumped the victim in the chest. After he realized that the victim had a cut on his neck, he dropped the knife and went home.

While no one other than Waye and the victim saw the fight,

> [w]e do not determine the credibility of eyewitness identification testimony. Rather the determination of a witness' credibility, including the accuracy of eyewitness identification, is within the exclusive

4

province of the jury. [Former] OCGA § 24-4-8 provides that "the testimony of a single witness is generally sufficient to establish a fact."

(Citations and punctuation omitted.) *Reeves v. State*, 288 Ga. 545, 546 (1) (705 SE2d 159) (2011). Here, Waye testified that he acted in self-defense, his trial counsel argued to the jury that Waye was acting in self-defense, and the trial court charged the jury on the elements of self defense.

> [T]he question of whether [Waye] acted in self-defense was solely for the jury, which obviously resolved the issue against [Waye]. [Waye] in effect asks us to reweigh the evidence to place greater credence in his justification defense than did the jury, but this court does not weigh the evidence or assess the credibility of witnesses. Instead, utilizing the standard set forth in *Jackson v. Virginia*, [443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979),] we determine whether the evidence, construed in a light most favorable to the verdict, was legally sufficient. So construed, we find that the evidence here supported [Waye's] conviction[].

(Footnotes and punctuation omitted.) *Carter v. State*, 303 Ga. App. 142, 144 (1) (692 SE2d 753) (2010).

3. Waye enumerates as error the admission of prior conviction evidence for

5

impeachment purposes under former OCGA § 24-9-84.1.[1] Before the State began its cross-examination of Waye, the trial court conducted a hearing outside the jury's presence and determined that the State would be allowed to introduce evidence of two out of three prior felony convictions for impeachment purposes.

In ruling on the admissibility of the evidence, the trial court said,

> This is a difficult issue. We don't have a lot of guidance on it. The Legislature has managed to muddle things up considerably by this amendment to the statue in ... 2005.... I really think the '77 conviction is just too far remote, too stale. I am going to allow impeachment by the '87 aggravated assault conviction and the '91 possession of cocaine as meeting the standard of the statute.

Waye admitted during cross-examination that he had been previously convicted of possessing cocaine and of aggravated assault, and the State did not question him further regarding the circumstances those convictions.

On appeal, Waye argues that the trial court erred in admitting evidence of the two prior convictions "without making findings on record explaining its ruling that

---

[1] Because this case was tried before January 1, 2013, our new Evidence Code does not apply. See Ga. L. 2011, pp. 99, 214, § 101. As to impeachment by prior convictions under the new Evidence Code, see OCGA § 24-6-609 (a) (1).

the probative value of [the] prior convictions substantially outweighed [their] prejudicial effect."

Former OCGA § 24-9-84.1 (a) (2) provided that evidence of a defendant's felony conviction that was less than ten years old was admissible if the probative value of the evidence *substantially* outweighed its prejudicial effect to the defendant.[2] (Emphasis supplied.) Further, evidence of a defendant's conviction older than ten years was only admissible if the court determined "in the interest of justice, that the probative value of the conviction *supported by specific facts and circumstances* substantially outweigh[ed] its prejudicial effect." Former OCGA § 24-9-84.1 (b). (Emphasis supplied.)

The State argues on appeal that, although the trial court did not specifically state that it had completed the required balancing test, it was clear from the record that the court meaningfully analyzed the necessary relevant factors. Further, it notes,

---

[2]As to a witness who was not a defendant in a criminal trial, the court had only to determine whether the probative value of a prior conviction outweighed its prejudicial effect, not whether it substantially outweighed the prejudicial effect. Former OCGA § 24-9-84.1 (a) (1).

the court was not required to list the specific factors it considered as to the 1991 conviction because it was less than ten years old.[3]

As late as 2012, our Supreme Court admitted that trial courts had been given "little guidance regarding what constitutes an abuse of discretion in admitting such convictions under OCGA § 24-9-84.1." *Clay v. State*, 290 Ga. 822, 835 (3) (B) (725 SE2d 260) (2012). Recognizing that a trial court has the discretion to consider additional factors it deems appropriate in a particular case, the court in *Clay* held that

> five factors outline the basic concerns relevant to the required balancing. (1) the nature, i.e., impeachment value of the crime; (2) the time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime, so that admitting the prior conviction does not create an unacceptable risk that the jury will consider it as evidence that the defendant committed the crime for which he is on trial; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue.

Id. at 835-836.

---

[3]In this case, Waye's 1991 conviction was less than ten years old because the statute measured the time period from "the date of the conviction *or* of the release of the defendant from the confinement imposed for that conviction, whichever is the later date" (emphasis supplied), and Waye was released from confinement for that conviction in 1999, less than ten years before his 2008 trial.

In considering under OCGA § 24-9-84.1 (a) (2) the admissibility of prior convictions less than ten years old, the court held that "a trial court must make an on-the-record finding that the probative value of admitting the conviction substantially outweighs its prejudicial effect," but was not required to list the specific factors it considered in making its decision. *Clay*, 290 Ga. at 836-837.[4]

The trial court is required to make a different determination, however, regarding a prior felony conviction that is older than ten years. Evidence of such a conviction is not admissible "unless the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. [Former] OCGA § 24-9-84.1 (b)" *Clay*, 290 Ga. at 837. "[A] trial court must make an on-the-record finding of the specific facts and circumstances upon which it relies in determining that the probative value of a prior conviction that is more than ten years old substantially outweighs its prejudicial effect before admitting evidence of the conviction for impeachment purposes under OCGA § 24-9-84.1 (b)." Id. at 838.

---

[4]While both parties discuss the applicability of *Crosby v. State*, 319 Ga. App. 459 (735 SE2d 588) (2012) to this case, we note that *Crosby* is physical precedent only and therefore is not binding precedent. See Court of Appeals Rule 33 (a).

Accordingly, we remand this case to the trial court to make an on-the-record finding of whether the probative value of admitting the 1991 conviction substantially outweighed its prejudicial effect, and to enter express findings on the record as to whether, in the interest of justice, the probative value of Waye's 1987 conviction substantially outweighed its prejudicial effect, "based on the factors set forth above and any other facts and circumstances the trial court may deem relevant." *Clay*, 290 Ga. at 838.

*Judgment vacated and case remanded. Miller and Ray, JJ., concur.*