**THIRD DIVISION
BARNES, P. J.,
BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**January 14, 2015**

# In the Court of Appeals of Georgia

A14A1890. PEAK v. THE STATE.

BARNES, Presiding Judge.

Clarence Peak was indicted for murder, felony murder, aggravated assault, and three firearms possession counts. The trial court granted the State an order of nolle prosequi on one of the firearm possession charges, and the jury acquitted Peak of murder and felony murder but convicted him of voluntary manslaughter as a lesser included offense and of the other charges. The trial court sentenced him to a total of 25 years to serve in prison. After the trial court denied Peak's motion for new trial, he filed this appeal, contending that the court erred in allowing the State to admit evidence of Peak's 1978 convictions for burglary and armed robbery for impeachment purposes. Because the trial court did not make express findings about the prejudicial versus probative value of the evidence, we vacate Peak's convictions and remand this case to the trial court to reconsider Peak's motion for new trial on this ground.

Before 2005, a witness or defendant could be impeached by evidence he had been convicted of a crime of "moral turpitude," no matter how old the conviction was. *Harwell v. State*, 270 Ga. 765, 768 (2) (512 SE2d 892) (1999). All felonies were considered crimes involving moral turpitude, as were certain misdemeanors. *Rehberger v. State*, 269 Ga. 576 (1) (502 SE2d 222) (1998).

In 2005, new legislation tracked the language of Federal Rules of Evidence 609, and the new statute differentiated in some respects if the person testifying was a defendant or a witness and based on the age of the conviction.[1] First, for convictions less than ten years old, the statute provided that evidence that a witness or defendant had been convicted of a crime involving dishonesty or making a false statement was admissible regardless of whether the crime was a felony or misdemeanor and required no finding as to whether its probative value outweighed its prejudicial effect. Former OCGA § 24-9-84.1 (a) (3). Second, to admit evidence of a witness's felony convictions that did not involve dishonesty or false statements, the trial court was required to find that "the probative value of admitting the evidence outweighs its

---

[1]Because this case was tried before January 1, 2013, Georgia's new Evidence Code was not applicable to Peak's trial. See Ga. L. 2011, pp. 99, 214, § 101. For impeachment by prior convictions under the new Evidence Code, see OCGA § 24-6-609.

2

prejudicial effect." Former OCGA § 24-9-84.1 (a) (1). Third, to admit evidence of a defendant's felony convictions that did not involve dishonesty or false statements, the trial court was required to find that "the probative value of admitting the evidence *substantially* outweighs its prejudicial effect." (Emphasis supplied.) Former OCGA § 24-9-84.1 (a) (2).

The 2005 statute also established a presumption against the admission of evidence of a conviction if more than ten years had elapsed since the date of the conviction or the release of the defendant or witness from the confinement imposed for that conviction, whichever was later. Former OCGA § 24-9-84.1 (b). Regardless of whether the person testifying was the defendant or a witness,

> [u]nder subsection (b) of [former OCGA § 24-9-84.1], a conviction more than ten years old may not be used to impeach [the defendant or witness] unless the trial court "determines, in the interest of justice, that the probative value of the conviction *supported by specific facts and circumstances* substantially outweighs its prejudicial effect."

(Citation and punctuation omitted; emphasis supplied.) *Hinton v. State*, 280 Ga. 811, 818 (7) (631 SE2d 365) (2006). Additionally, the proponent was required to give sufficient notice to the adverse party to give him a fair opportunity to contest the use of the evidence. Former OCGA § 24-9-84.1 (b). The statute made the requirements

3

for admitting evidence of older convictions "far more rigorous" than the requirements for admitting more recent convictions. *Newsome v. State*, 289 Ga. App. 590, 593 (2) (657 SE2d 540) (2008). The presumption underlying former OCGA § 24-9-84.1 (b) was that if more than ten years had elapsed from the date of the conviction or the date of release from confinement for the conviction,[2] whichever was later, evidence of the conviction was generally inadmissible. *Hinton*, 280 Ga. at 819 (7). This presumption was "founded on a legislative perception that the passage of time dissipates the probative value of a prior conviction," because "[r]eason dictates that the older such a conviction becomes, the less probative value it likely will have." (Citations and punctuation omitted.) Id.

Even as to convictions that were less than ten years old, a trial court was required to make an express finding on the record that the probative value of the conviction admitted under former OCGA § 24-9-84.1 (a) (2) substantially outweighed its prejudicial effect. *Quiroz v. State*, 291 Ga. App. 423, 427-428 (4) (662 SE2d 235)

---

[2] The beginning point of determining whether a conviction is more than ten years old is the date from which a defendant is convicted or released from confinement, whichever is later, and "confinement" does not include probation or parole. *Allen v. State*, 286 Ga. 392, 396 (2) (687 SE2d 799) (2010). The end point is "the date the witness testifies or the evidence of the prior conviction is introduced." *Clay v. State*, 290 Ga. 822, 835 (3) (A) (725 SE2d 260) (2012).

4

(2008). In *Quiroz*, the trial court simply denied the defendant's motion in limine concerning his three-year-old felony conviction for cocaine possession, noting the absence of case law construing the statute and concluding, "[I]t would be my intention to allow it in. So the motion in limine is denied." Id. at 428 (4). In reversing the conviction, we held,

> To give a sensible and intelligent effect to that part of [former] OCGA § 24-9-84.1 (a) (2) requiring the trial court to balance the probity of a prior felony conviction against its prejudicial effect, we now require that such findings be made expressly. Factors to be considered include the kind of felony involved, the date of the conviction, and the importance of the witness's credibility. As we have suggested, we cannot determine whether the trial court in this case engaged in any meaningful analysis of the relevant factors or whether the court balanced the probative value against the prejudicial effect to the accused.

(Punctuation and footnotes omitted.) Id. at 428-429 (4). Thus, in considering the probity of convictions that were not more than ten years old, the trial court was required to make an on-the-record finding that the probative value of admitting a prior conviction substantially outweighs its prejudicial effect but was not required to list the factors it considered it making that determination. *Clay,* 290 Ga. at 836-837 (3) (B).

As noted, the requirements for the admission of evidence of older convictions for impeachment purposes are more stringent. In *Clay*, which was decided almost two years after the trial in this case, the Supreme Court conceded that it had "provided little guidance to the trial courts regarding what constitutes an abuse of discretion" in determining the admissibility of convictions older than ten years, 290 Ga. at 835 (3) (B), and described five factors relevant to the required balancing:

> (1) the nature, i.e., impeachment value of the crime; (2) the time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime, so that admitting the prior conviction does not create an unacceptable risk that the jury will consider it as evidence that the defendant committed the crime for which he is on trial; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue.

Id. at 838 (3) (B).

The Supreme Court held that a trial court must specify the factors on which it relied to allow the admission of evidence of a conviction under former OCGA § 24-9-84.1 (b). *Clay*, 290 Ga. at 838 (3). It concluded that

> a trial court must make an on-the-record finding of the specific facts and circumstances upon which it relies in determining that the probative value of a prior conviction that is more than ten years old substantially outweighs its prejudicial effect before admitting evidence of the

6

conviction for impeachment purposes under [former] OCGA § 24-9-84.1 (b).

Id.

Here, the trial court did not make an on-the-record finding of the specific facts and circumstances on which it relied in determining that the probative value of the 32-year-old convictions substantially outweighed their prejudicial effect, but only found on the record that "despite the fact of their age, I do find that their probative value insofar as impeachment goes outweighs the prejudicial factor to the Defendant, and therefore, will allow those over objection."

Only two people testified about the events that led to the shooting death of Peak's son, his daughter and himself, and their testimony differed greatly. Because the credibility of their testimony was crucial to determining whether Peak was guilty of a crime or a victim of accident, we cannot say that any error in the admission of Peak's two prior felony convictions was harmless. Accordingly, as recommended by the State, we remand this case to the trial court to reconsider Peak's motion for a new trial after making an on-the-record finding of the facts and circumstances on which

7

it relied in determining the probative value and prejudicial effect of evidence of Peak's 1978 convictions, "based on the factors set forth above and any other facts and circumstances the trial court may deem relevant." *Clay*, 290 Ga. at 838 (3) (B). See *Waye v. State*, 326 Ga. App. 202, 206 (3) (756 SE2d 287) (2014).

*Judgment vacated and case remanded with direction. Boggs and Branch, JJ., concur.*