**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 16, 2016**

# In the Court of Appeals of Georgia

A16A0127. PEAK v. THE STATE.                                            RI-005 C

RICKMAN, Judge.

In *Peak v. State*, 330 Ga. App. 528, 532 (768 SE2d 275) (2015), this Court vacated Peak's convictions for voluntary manslaughter, aggravated assault, and two counts of firearms possession and remanded this case to the trial court "to reconsider Peak's motion for a new trial after making an on-the-record finding of the facts and circumstances on which it relied in determining the probative value and prejudicial effect of evidence of Peak's 1978 convictions" based upon the factors set forth in *Clay v. State*, 290 Ga. 822, 835 (3) (B) (725 SE2d 260) (2012). Following a hearing, the trial court issued an order specifically addressing each *Clay* factor and denying Peak's motion for a new trial. It is from this order that Peak now appeals. Peak contends that the trial court erred by admitting two of his prior convictions for

burglary and armed robbery, which were older than ten years, for the purpose of impeachment pursuant to former OCGA § 24-9-84.1 (b)[1]. For the reasons that follow, we affirm.

> Pursuant to former OCGA § 24-9-84.1 (b), evidence of a defendant's conviction older than ten years was only admissible if the court determined in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. A trial court must make an on-the-record finding of the specific facts and circumstances upon which it relies in determining that the probative value of a prior conviction that is more than ten years old substantially outweighs its prejudicial effect before admitting evidence of the conviction for impeachment purposes under former OCGA § 24-9-84.1 (b).

(Punctuation and footnote omitted.) *Johnson v. State*, 328 Ga. App. 702, 708 (3) (b) (760 SE2d 682) (2014).

"This court will not disturb a trial court's determination regarding impeachment of a criminal defendant pursuant to former OCGA § 24-9-84.1 unless

---

[1] "Because this case was tried before January 1, 2013, Georgia's new Evidence Code was not applicable to Peak's trial. See Ga. L. 2011, pp. 99, 214, § 101. For impeachment by prior convictions under the new Evidence Code, see OCGA § 24-6-609." *Peak*, 330 Ga. App. at 529 n. 1.

the trial court has abused its discretion." (Footnote omitted.) *Moseley v. State*, 324

Ga. App. 449, 450 (751 SE2d 108) (2013).

> In *Clay*, which was decided almost two years after the trial in this case, the Supreme Court conceded that it had 'provided little guidance to the trial courts regarding what constitutes an abuse of discretion' in determining the admissibility of convictions older than ten years, and described five factors relevant to the required balancing: (1) the nature, i.e., impeachment value of the crime; (2) the time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime, so that admitting the prior conviction does not create an unacceptable risk that the jury will consider it as evidence that the defendant committed the crime for which he is on trial; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue.

(Citations and punctuation omitted.) *Peak*, 330 Ga. App. at 531; See *Clay*, 290 Ga.

at 835 (3) (B).

Here, on remand, the trial court specifically addressed each *Clay* factor. The

trial court noted that "[b]oth felony convictions involved stealing: the armed robbery

was taking money from another person using a pistol and the burglary involved

entering (by stealth and sneaking into) the dwelling house of another by [sic] to take

his property. The impeachment value of these offenses is high."

3

The trial court did not allow into evidence a third prior conviction offered by the State because the certified copy of the conviction did not include a copy of the indictment. The trial court found that, "while not allowed into evidence, the fact that [Peak] had been convicted of another felony offense (within 10 years of the offense in this case) [was] an important consideration." Furthermore, the trial court found that "the offenses of armed robbery and burglary are so dissimilar to the offenses for which [Peak] was convicted that there [was] no risk that the jury considered it as evidence that he committed the instant offense. The intent and motive of the prior crimes are completely different."

The trial court explained that, before deciding whether to admit the prior convictions for impeachment purposes, it had heard the entirety of the State's case. The trial court noted that "[t]here were only two people who witnessed the assault: [Peak] and his daughter. . . . Because [Peak] had raised the defense of accident at the time of trial, the credibility of the only two eye-witnesses was crucial." The trial court concluded that "because the credibility of [Peak] was so important to determine if this was an accidental or intentional shooting, the probative value of admitting the prior felony convictions *substantially* outweighed the potential prejudicial effect." See *Johnson*, 328 Ga. App. at 709 (3) (b) (no abuse of discretion where the trial court

4

considered the *Clay* factors and held that given the nature of the charges in the case and the fact that the credibility of the victim and defendant were central to the issues, the probative value of the conviction was substantially outweighed by any prejudicial effect); see also *Frazier v. State*, 336 Ga. App. 465 (1) (784 SE2d 827) (2016) (physical precedent only) (no abuse of discretion where "the trial court was aware of the specific factors required by *Clay* and carefully considered them before permitting the introduction of the 1979 rape case for impeachment purposes.") "Under these circumstances, we find no abuse of discretion in the trial court's admission of the prior [burglary and armed robbery] conviction[s] for impeachment purposes." *Johnson*, 328 Ga. App. at 709 (3) (b).

*Judgment affirmed. Barnes, P. J., and Boggs, J., concur*.