S16A1247. ROZIER v. CALDWELL.
(793 SE2d 73)

THOMPSON, Chief Justice.

In 2008, a jury found appellant Christopher Rozier and his co-defendant, Xavier Dyer, guilty of murder and other crimes in connection with the death of Rufus Richardson. They appealed, and we affirmed both of their convictions. See *Dyer v. State*, 287 Ga. 137 (695 SE2d 15) (2010). In 2011, appellant filed a habeas petition,

---

alleging that his appellate counsel had been constitutionally ineffective in failing to contend that his trial counsel had been ineffective in several respects. The habeas court denied relief on the ground that appellate counsel's representation had not been constitutionally deficient. We then granted appellant's application to appeal to consider whether the trial court erred in ruling that appellant did not receive ineffective assistance of appellate counsel. We now affirm.

1. "To prevail on a claim of ineffective assistance of appellate counsel, a habeas petitioner must show that his appellate counsel was deficient in failing to raise an issue on appeal and that, if counsel had raised that issue, there is a reasonable probability that the outcome of the appeal would have been different." *Thompson v. Brown*, 288 Ga. 855, 855 (708 SE2d 270) (2011). "This burden, although not impossible to carry, is a heavy one." *Young v. State*, 292 Ga. 443, 445 (738 SE2d 575) (2013). In examining an ineffectiveness claim, a court need not

> address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Strickland v. Washington*, 466 U. S. 668, 697 (104 SCt 2052, 80 LE2d 674) (1984).

Moreover, even though the trial court ruled against appellant's ineffectiveness claim based solely on the ground that appellant failed to show that appellate counsel's performance was deficient, this Court may resolve appellant's ineffective assistance claim on the ground that he failed to show prejudice. See *Barrett v. State*, 292 Ga. 160, 186 (733 SE2d 304) (2012) (where the trial court resolved the defendant's ineffective assistance claim without addressing prejudice, this Court resolved the issue on the prejudice prong, holding that "[a]fter an independent review of the record, this Court concludes as a matter of law that, even assuming" that trial counsel performed deficiently, the defendant "has failed to show that he was prejudiced"). Accord *Rompilla v. Beard*, 545 U. S. 374, 390 (125 SCt 2456, 162 LE2d 360) (2005) (holding that where a state court found that the defendant's representation was adequate and did not reach the issue of prejudice, the Court could "examine this element of the

*Strickland* claim de novo"). Finally, to determine prejudice involving a claim that appellate counsel was ineffective in failing to raise a claim concerning trial counsel's effectiveness, "this Court must examine the underlying ineffectiveness of trial counsel claim and determine whether that claim would have had a reasonable probability of success." *Hall v. Lewis*, 286 Ga. 767, 770 (692 SE2d 580) (2010).

2. At trial, a fingerprint examiner from the GBI testified that he found appellant's fingerprints on the shotgun that was used to commit a "similar transaction" about a month before the victim's murder. See *Dyer*, 287 Ga. at 138. Appellant contends that the fingerprint card that the examiner said contained appellant's fingerprints was never authenticated by the person who took the prints; that trial counsel should have but did not object on this ground; and that appellate counsel was ineffective for failing to assert on appeal that trial counsel was ineffective in failing to make that objection.

We conclude, however, that even if appellate counsel had raised this ineffectiveness issue on appeal, there is not a reasonable probability that the outcome of the appeal would have been different. Three witnesses testified that the shotgun in question belonged to appellant; two of those witnesses testified that appellant threatened them with that shotgun; the shotgun, contrary to appellant's contention in this appeal, was not the murder weapon; the murder weapon was a 9mm handgun; and the 9mm shell casings found around the victim's body were fired from the same 9mm handgun that fired the shell casings that the police found in appellant's yard. To prevail on the claim that trial counsel was ineffective in failing to object to the fingerprint cards, appellate counsel would have had to show that there was a reasonable probability that the outcome of the trial would have been different if trial counsel had objected. However, based on the evidence summarized above and other evidence introduced against appellant at trial, see *Dyer*, 287 Ga. at 137-138, which is extremely strong, if not overwhelming, we conclude that appellant has not shown that appellate counsel could have prevailed on such a claim. Therefore, this claim of ineffective assistance of appellate counsel is without merit.

3. Appellant contends that appellate counsel was ineffective for failing to raise on appeal that trial counsel was ineffective for failing to sufficiently explore the potential bias of Liberty Harris.

At the time of trial, Harris had been convicted of three felonies and was under indictment for the murder of the victim in this case. "Harris testified for the State pursuant to an immunity agreement, and, although the State had offered her a plea deal of ten years, Harris . . . rejected the deal." *Dyer*, 287 Ga. at 140. Based on her prior felony convictions, appellant contends that Harris was subject to

recidivist punishment and would never get out of jail if convicted of the victim's murder. And he contends that trial counsel was ineffective in failing to cross-examine Harris about this recidivist punishment and that appellate counsel was ineffective in failing to raise this ineffectiveness issue on appeal.

For purposes of this claim, we assume that it would have been error for the trial court to not allow trial counsel to cross-examine Harris about the possibility of recidivist punishment and that trial counsel performed deficiently in not pursuing that line of cross-examination. But see *Jackson v. State*, 294 Ga. 34, 37 (751 SE2d 63) (2013) (holding that where a State's witness has not gained a concrete benefit for his testimony by way of a deal with the State and "the accused is permitted broad scope in exposing the potential for bias in the witness's testimony," the trial court did not err in not allowing the accused to cross-examine the witness about possible recidivist penalties that he faced).

Having presumed deficient performance, we turn to the prejudice component of appellant's claim. In this regard, we conclude that appellant has failed to show that appellate counsel could have prevailed on a claim that trial counsel's deficient performance prejudiced appellant. Given the strength of the evidence against appellant and given that the jury was well aware of Harris's potential bias, *Dyer*, 287 Ga. at 141 (holding that Dyer could show no harm with regard to his claim that the trial court "erred by preventing him from asking Harris about her possible sentence of life imprisonment," explaining that the record showed that Dyer's counsel "effectively [cross-examined] Harris about life in prison" and that Harris testified that she "was hoping to receive assistance from the State in exchange for her testimony"), we conclude that there is not a reasonable probability that, if trial counsel had cross-examined Harris about possible recidivist punishment, the outcome of the trial would have been different. Because appellate counsel could not have prevailed on a claim that trial counsel provided ineffective assistance by not pursuing such a cross-examination, appellant cannot show prejudice on his claim that appellate counsel was ineffective in failing to assert such a claim on appeal.

4. Appellant contends that appellate counsel was ineffective for failing to contend on appeal that trial counsel was ineffective for not objecting to testimony that he alleges invaded the province of the jury.

On cross-examination of a GBI agent, Dyer's counsel asked the agent if he believed that Harris's pretrial statements to him were true. He said yes, "[o]n some matters . . . I've interviewed a lot of people and I believe that she was telling the truth as it pertains to [Dyer and Rozier]." Appellant's trial counsel did not object to this

testimony. Appellant now contends that this testimony improperly invaded the province of the jury, that trial counsel provided ineffective assistance in failing to object to it, and that appellate counsel was ineffective in not raising this claim of ineffective assistance of trial counsel on appeal.

The GBI agent's testimony was subject to an improper bolstering objection, see *Jones v. State*, 292 Ga. 593, 601 n. 6 (740 SE2d 147) (2013) (explaining that testimony by a GBI agent that he thought a key State's witness had been truthful during the investigation was subject to an improper bolstering objection), but even assuming that appellate counsel performed deficiently by failing to contend on appeal that trial counsel was ineffective in not objecting to the agent's testimony, we conclude that appellant has failed to show prejudice.

To begin, as explained above, the evidence against appellant was extremely strong, if not overwhelming, and Harris was by no means the only source of that evidence. See *Dyer*, 287 Ga. at 137-138. Moreover, the agent did not comment on the veracity of Harris's testimony at trial, and "the bolstering testimony was not likely to be very harmful, inasmuch as '(i)t hardly would have surprised anyone observing the trial to learn' that law enforcement believed [Harris's] accounts, 'and any rational juror could have surmised as much without being told explicitly.'" *Jones*, 292 Ga. at 601-602 (citation omitted). For these reasons, we conclude that appellant could not have shown prejudice if he had asserted on appeal that trial counsel was ineffective in failing to object to the agent's testimony. For this reason, he likewise cannot show that he was prejudiced by appellate counsel's failure to assert that claim. Therefore, we find no merit to this claim of ineffective assistance of appellate counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 31, 2016.

*Zell & Zell, Rodney S. Zell*, for appellant.

*Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Aimee F. Sobhani, Assistant Attorney General*, for appellee.