**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 25, 2022**

# In the Court of Appeals of Georgia

A22A0463. JOHNSON v. THE STATE.

REESE, Judge.

A jury found Kelsey Johnson guilty of rape and aggravated assault.[1] On appeal, Johnson argues that: (1) the trial court plainly erred in allowing the investigating officer to testify that she believed the victim's testimony; (2) the trial court abused its discretion in admitting evidence of a previous sexual offense under OCGA § 24-4-413; (3) the trial court abused its discretion in admitting evidence of previous convictions under OCGA § 24-6-609 (b); (4) the trial court plainly erred in admitting certain hearsay testimony; and (5) the cumulative effect of these errors required a new trial. For the reasons set forth infra, we affirm in part, vacate in part, and remand.

---

[1] See OCGA §§ 16-6-1 (a) (1); 16-5-21 (a) (3).

Viewed in the light most favorable to the verdict,[2] the record shows the following. In the early morning of February 8, 2015, Johnson encountered the victim, J. Z., at a gas station. J. Z. agreed to have sex with Johnson in exchange for drugs, and J. Z. got into Johnson's vehicle. Johnson took J. Z. back to his residence. While in his bedroom, Johnson became aggressive, and J. Z. told him that she wanted to go home. Johnson refused to let her go. Johnson proceeded to rape J. Z. repeatedly despite J. Z.'s multiple protests. Johnson choked J. Z. and held her against the bed the entire night.

That morning, Johnson wanted to go to buy cocaine, and J. Z. convinced Johnson that she would not leave. As soon as Johnson left, J. Z. got dressed and fled the residence. She ran to a neighbor's house and told the family that she had been raped and held hostage all night. The neighbors called the police. While J. Z. was in the neighbor's house, two men — later identified by the police as Johnson's brother and father — drove up and asked the neighbors whether they had seen a white lady or "white bitch" running around. The neighbors denied that they had seen her.

_____

[2] See *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

The police arrested Johnson when he returned to his residence later that day. The jury found Johnson guilty of rape and aggravated assault.[3] The trial court denied his amended motion for new trial, and this appeal followed.

We review the trial court's admission of prior convictions and prior sexual assaults under OCGA § 24-4-413 and OCGA § 24-6-609 for an abuse of discretion.[4] Because he did not object at trial, we review Johnson's other claims, however, only for plain error.[5] To establish plain error:

> First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously

---

[3] The State nolle prossed a kidnapping charge.

[4] See *Jones v. State*, 352 Ga. App. 380, 388 (2) (b) (834 SE2d 881) (2019); *Benning v. State*, 344 Ga. App. 397, 400 (810 SE2d 310) (2018).

[5] See *State v. Crist*, 341 Ga. App. 411, 415 (801 SE2d 545) (2017).

3

affects the fairness, integrity or public reputation of judicial proceedings.[6]

"[A]s our Supreme Court has emphasized, satisfying the plain-error standard 'is difficult, as it should be.' And the burden of establishing plain error falls squarely on the defendant."[7] With these guiding principles in mind, we now turn to Johnson's claims of error.

1. Johnson argues that the trial court plainly erred in allowing the investigating officer to testify that she believed J. Z.'s statement.

During redirect examination between the State and Detective Shealane Gilliam-Smith, the following exchange occurred:

> THE STATE: [D]id the fact that when you were speaking with [J. Z.], the fact that she was on Fulton Industrial Boulevard, did that take away from what she had said to you — what she had said to you that had happened to her that night?
> GILLIAM-SMITH: No.
> THE STATE: Although it may have been your belief that she may have been prostituting, did you believe her statement that she was raped?
> GILLIAM-SMITH: I did.

---

[6] *Lyman v. State*, 301 Ga. 312, 316-317 (2) (800 SE2d 333) (2017).

[7] *Crist*, 341 Ga. App. at 415 (punctuation and footnotes omitted).

THE STATE: And what caused you to believe that she was — the belief or statement that she was raped?

GILLIAM-SMITH: I don't know any other way to —

DEFENSE COUNSEL: Objection, Your Honor. I think that goes to the ultimate issue here.

THE COURT: Sustained.

"The credibility of a witness shall be a matter to be determined by the trier of fact[.]"[8] "Thus, a witness, even an expert, can never bolster the credibility of another witness as to whether the witness is telling the truth."[9]

Here, however, Johnson has failed to demonstrate that this testimony likely affected the trial's outcome below. The testimony was very brief and quickly objected to by defense counsel. Additionally, "the bolstering testimony was not likely to be very harmful, inasmuch as it hardly would have surprised anyone observing the trial to learn that law enforcement believed [J. Z.'s] accounts, and any rational juror could have surmised as much without being told explicitly."[10] And "[t]he jurors were able

---

[8] OCGA § 24-6-620.

[9] *Bell v. State*, 352 Ga. App. 802, 809 (2) (b) (835 SE2d 697) (2019) (citation and punctuation omitted).

[10] *Rozier v. Caldwell*, 300 Ga. 30, 34 (4) (793 SE2d 73) (2016) (citation and punctuation omitted).

5

to hear from [J. Z.] and judge her credibility for themselves[.]"[11] For these reasons, the trial court did not plainly err in allowing this testimony.[12]

2. Johnson argues that the trial court abused its discretion in admitting evidence of a previous sexual assault under OCGA § 24-4-413 because the State failed to prove that Johnson committed the prior assault.

Under OCGA § 24-4-413 (a), "[i]n a criminal proceeding in which the accused is accused of an offense of sexual assault, evidence of the accused's commission of another offense of sexual assault shall be admissible and may be considered for its bearing on any matter to which it is relevant." A trial court's decision to admit this evidence "will be affirmed if a jury could find by a preponderance of the evidence

---

[11] *Zerbarini v. State*, 359 Ga. App. 153, 164 (3) (a) (855 SE2d 87) (2021).

[12] See *Bedford v. State*, 311 Ga. 329, 336 (4) (857 SE2d 708) (2021); *Tucker v. State*, 362 Ga. App. 489, 494 (1) (869 SE2d 142) (2022); see also *Thomas v. State*, 318 Ga. App. 849, 853 (4) (a) (734 SE2d 823) (2012) ("[T]he admission of evidence which serves only to bolster another witness's credibility is not the kind of error that seriously affects the fairness, integrity, or public reputation of a judicial proceeding.") (citation and punctuation omitted).

6

that the defendant committed the act."[13] "[C]orroboration, criminal charges, or a conviction is not required for the admission" of this type of evidence.[14]

At trial, S. H. testified that, in 2002, she was forced into a car and raped. She was not able to remember many details about the event and did not identify Johnson as the perpetrator, either at the time of the offense or at trial. The investigating detective also testified. During an interview with S. H., S. H. told the detective that a man had forced her into a van at gunpoint and forced her to have sex with him. The police arrested Johnson for this offense. The State charged Johnson with rape, and Johnson ultimately pled guilty to the lesser included offense of aggravated assault.

Given this evidence — especially Johnson's guilty plea — the jury could have concluded by a preponderance of the evidence that Johnson committed the acts described by S. H.[15] Accordingly, the trial court did not abuse its discretion in admitting this evidence.

---

[13] *Dixon v. State*, 341 Ga. App. 255, 259 (1) (a) (800 SE2d 11) (2017) (citation and punctuation omitted).

[14] Id. (citation, punctuation, and footnote omitted).

[15] See *Hartman v. State*, 358 Ga. App. 663, 669-670 (2) (b) (i) (856 SE2d 39) (2021); *Dixon*, 341 Ga. App. at 259 (1) (a).

3. Johnson argues that the trial court abused its discretion in admitting two other prior convictions as impeachment evidence under OCGA § 24-6-609 because the convictions were over ten years old. Johnson contends that the trial court failed to "make any specific findings on the record supporting its legal conclusion."

Johnson testified in his own defense and denied raping J. Z. As impeachment evidence, the State sought to introduce two prior convictions: a 2004 conviction pursuant to an *Alford* plea[16] for aggravated assault, as a lesser included offense of rape; and a 2007 conviction pursuant to an *Alford* plea for false imprisonment, simple battery, and hindering a person making an emergency telephone call. At trial, Johnson's counsel objected to the admission of the convictions, arguing that the convictions were old and too remote in time to be relevant to Johnson's credibility. The trial court found the convictions were admissible under OCGA § 24-6-609, reasoning:

> The fact that Mr. Johnson has decided to subject himself to
> cross-examination and to provide his own testimony puts him in the

---

[16] See *North Carolina v. Alford*, 400 U. S. 25, 38 (91 SCt 160, 27 LE2d 162) (1970) (holding that a trial court can accept a guilty plea when there is a strong factual basis for the plea and the defendant clearly expresses a desire to enter it despite the defendant's claims of innocence).

same boat as a general witness, and, thus, can be impeached by a prior conviction.

As it relates to the time limit of these convictions, I find that in the interest of justice, that the probative value of the convictions supported by specific facts and circumstances in this case substantially outweigh[s] any prejudicial effect, and the State will be allowed to use them during — introduce them during cross-examination.

Under OCGA § 24-9-609 (b), evidence of a prior conviction used for impeachment purposes "shall not be admissible if a period of more than ten years has elapsed since the date of the conviction . . . unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."

In considering this issue under former OCGA § 24-9-84.1 (b), the virtually identical predecessor provision to OCGA § 24-6-609 (b) that is also modeled after Federal Rule 609 (b), the Supreme Court of Georgia listed a non-exhaustive set of factors that a trial court should consider in analyzing this issue:

> (1) the nature, i.e., impeachment value of the crime; (2) the time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime, so that admitting the prior conviction does not create an unacceptable risk that the jury will consider it as evidence that the defendant committed the crime for which

he is on trial; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue.[17]

Pursuant to the statutory provision that the trial court must make this determination "supported by specific facts and circumstances[,]"[18] the Supreme Court of Georgia also held that "a trial court must make an on-the-record finding of the specific facts and circumstances upon which it relies in determining that the probative value of a prior conviction that is more than ten years old substantially outweighs its prejudicial effect before admitting evidence of the conviction for impeachment purposes[.]"[19]

In this case, the trial court did not make express findings supported by specific facts and circumstances either at trial or in its order denying Johnson's motion for new trial. Accordingly, "we remand this case to the trial court to enter express findings on the record as to whether, in the interest of justice, the probative value of [Johnson's] prior felony convictions at issue substantially outweighs their prejudicial

---

[17] *Clay v. State*, 290 Ga. 822, 835 (3) (B) (725 SE2d 260) (2012); see *Robinson v. State*, 336 Ga. App. 627, 632 (785 SE2d 304) (2016) (noting that these factors, even under the new Evidence Code, remained "a useful guide").

[18] OCGA § 24-6-609 (b).

[19] *Clay*, 290 Ga. at 838 (3) (B).

effect, based on the factors set forth above and any other facts and circumstances the trial court may deem relevant."[20]

4. Johnson argues that the trial court plainly erred in failing to exclude as inadmissible hearsay the neighbors' testimony that two men were looking for a white lady or "white bitch[.]"

While the exact words that Johnson's father and brother communicated to the neighbors may have been hearsay, the neighbors' responses, observations, and actions were not, as the neighbors testified at trial.[21] Thus, the most probative part of the testimony — that two men were driving down the street looking for J. Z. — was admissible at trial. Accordingly, Johnson has failed to demonstrate that the hearsay portion of the testimony likely affected the outcome of the trial below.[22]

---

[20] *Clay*, 290 Ga. at 838 (3) (B); see also *Peak v. State*, 330 Ga. App. 528, 532 (768 SE2d 275) (2015) (remanding after the trial court did not make on-the-record findings of the specific facts and circumstances it relied upon); *Waye v. State*, 326 Ga. App. 202, 206 (3) (756 SE2d 287) (2014) (same); cf. *Anderson v. State*, 307 Ga. 79, 85 (834 SE2d 830) (2019) (holding that a trial court is not required to identify specific factors on the record in *excluding* convictions under OCGA § 24-6-609 (b)).

[21] See *Diaz v. State*, 275 Ga. App. 557, 559 (621 SE2d 543) (2005) (holding that the witnesses' testimony about their own actions and observations was not hearsay).

[22] See *Grier v. State*, 313 Ga. 236, 245 (3) (f) (869 SE2d 423) (2022); *Mosley v. State*, 298 Ga. 849, 852 (2) (b) (785 SE2d 297) (2016); *Williams v. State*, 359 Ga.

5. Johnson argues that the cumulative effect of these errors requires a new trial. We decline to address this argument at this time because the trial court's resolution of the OCGA § 24-6-609 issue may affect our cumulative-error analysis. Johnson may raise any cumulative error and OCGA § 24-6-609 arguments in a renewed appeal if the trial court does not grant him a new trial upon remand.[23]

*Judgment affirmed in part and vacated in part, and case remanded with direction. Doyle, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*

App. 120, 122 (1) (855 SE2d 1) (2021).

[23] See *Butler v. State*, 309 Ga. 755, 764 (3) (848 SE2d 97) (2020).